**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T Doria, | No. CV-24-08219-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| SelectQuote Insurance Services, | |
| Defendant. | |

At issue is SelectQuote Insurance Services' ("SelectQuote") Motion to Dismiss (Doc. 17) Plaintiff Daniel T. Doria's First Amended Complaint ("FAC") (Doc. 9). Also at issue are Plaintiff's Motions for Default Judgment (Doc. 19) and to Strike SelectQuote's Motion to Dismiss (Doc. 22). The Motions are ripe. After reviewing the briefing as well as the relevant case law, the Court will grant SelectQuote's Motion to Dismiss and deny Plaintiff's Motions.

**I.  BACKGROUND**

On November 18, Plaintiff filed his initial Complaint (Doc 1) alongside a Motion for Temporary Restraining Order and Order to Show Cause for Preliminary and Permanent Injunctive Relief (Doc. 3). In that Complaint, Plaintiff attempted to assert claims for wrongful termination, breach of contract, failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), and violation of the Americans with Disabilities Act. (*See generally* Doc. 1.) On November 20, 2024, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) before dismissing that pleading with leave to

amend only the FLSA claim.  (*See* Doc. 7.)

On November 25, 2024, Plaintiff filed his FAC (Doc. 9) and First Amended Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 10).  In the FAC, Plaintiff alleged that SelectQuote violated the FLSA when it failed to pay him $54 in overtime wages. (Doc. 9 ¶¶ 21–23.)  On December 13, 2024, the Court screened Plaintiff's FAC, issuing an order that found Plaintiff had stated a plausible claim for relief under the FLSA.  (Doc. 12.)  In that same Order, the Court denied Plaintiff's request for injunctive relief. (*See id.*)

Apart from this lawsuit, on November 13, 2024, SelectQuote received a notice of Wage Claim that Plaintiff filed with the Industrial Commission of Arizona ("ICA") Labor Department (the "Wage Claim").  (Doc. 17-1; Doc. 17-4 ("Gash Decl.") ¶ 5.)  The Wage Claim sought similar relief in the ICA, namely, $54 for two hours of alleged unpaid overtime wages.  (*See* Doc. 17-1.)  On December 2, 2024, SelectQuote submitted a payment to the ICA totaling $49.32, representing the full amount of the Wage Claim less applicable tax withholdings.  (Gash Decl. ¶ 7.)  While SelectQuote never admitted fault, the payment to the ICA resolved Plaintiff's Wage Claim.  (*Id.* ¶ 9; Doc. 17-2 (Receipt of the Wage Claim payment to ICA).)  Though SelectQuote maintains that Plaintiff's FLSA claims lack merit, on February 10, 2025, it made an additional payment of $3,000 to Plaintiff to satisfy and resolve the FLSA claim.  (Gash Decl. ¶ 11; Doc. 17-3 (Receipt of the $3,000 payment to Plaintiff).)  In total, SelectQuote has paid Plaintiff $3,049.32 to resolve his state and federal overtime wage claims.

Now, SelectQuote moves to dismiss Plaintiff's FAC for lack of subject matter jurisdiction, asserting that the payments in excess of what Plaintiff was owed mooted Plaintiff's FLSA claim.  (*See* Doc. 17.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction.  Federal courts are courts of limited jurisdiction and may only hear cases as authorized by the Constitution or statute.  *Kokkonen*

*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court has subject-matter jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332(a). Because our jurisdiction is limited, it is to be presumed that a cause lies outside of it, and the burden of establishing jurisdiction is on the party asserting it. *Kokkonen*, 511 U.S. at 377.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In this circumstance, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in the plaintiff's favor, then "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In a facial attack, the Court's inquiry is confined to the allegations in the complaint, while a factual attack permits the Court to look beyond the complaint. *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2004).

Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Therefore, if the Court determines at any point that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

### A. Plaintiff's Motion for Default Judgment and Motion to Strike

SelectQuote's Motion to Dismiss was filed on February 10, 2025. Plaintiff's Motion for Default Judgment was filed on February 11, 2025, "with the intention that it arrives a day or so after [SelectQuote's] deadline to file a response." (Doc. 19 at 2.) As

Plaintiff explains, he is "not permitted to electronically file," and thus he mailed his Motion for Default. (*Id.*) Plaintiff has asked that the Motion for Default be denied as moot if SelectQuote "submitted an answer before the deadline." (*Id.*) Because SelectQuote has submitted an answer in the form of its Motion to Dismiss, Plaintiff's Motion for Default Judgment will be denied as moot.

Plaintiff's Motion to Strike will also be denied. Therein, Plaintiff argues that SelectQuote's Motion to Dismiss is "legally insufficient, misleading, and improperly included in an attempt to prejudice the Court against Plaintiff." (Doc. 22 at 2.)[1]

Plaintiff's arguments include that SelectQuote has "cite[d] cases out of context" and relied on "selective and misleading" cases. (Doc. 22 at 2–3.) Additionally, Plaintiff asserts that SelectQuote has included in its Motion "immaterial and impertinent matter." (Doc. 22 at 3.) As Plaintiff explains, that "matter" includes a "mischaracterization of [Plaintiff's] claims and [an] attempt to portray [this] lawsuit as frivolous." (*Id.* at 4.) To the extent that SelectQuote has misconstrued the cited case law, the Court is equipped to review those cases without a separate Motion to Strike a pleading muddying the docket. Moreover, as to the impropriety of information in SelectQuote's Motion, Plaintiff merely puts forth arguments as to why his FAC should not be dismissed. In this regard, Plaintiff's Motion to Strike is another bite at the apple, i.e., he is again responding to SelectQuote's Motion to Dismiss.

Plaintiff also contends that SelectQuote's Motion contains "extraneous and irrelevant information." (Doc. 22 at 4.) The "information" that Plaintiff complains of are references to the procedural history of this case, i.e., "SelectQuote references your previous filings (such as the TRO and ADA claims) that are not relevant to the FLSA claim at issue. These references serve no legitimate legal purpose and appear intended to prejudice the Court against you." (*Id.* at 4.) In truth, Plaintiff's Motion contains extraneous and

---

[1] Although the Federal Rules, by their plain terms, do not consider motions to dismiss to be a "pleading" within the ambit of strikable filings, the Court will still consider the Motion. *See* Fed. R. Civ. P. 7(a) (listing what filings are considered "pleadings," which does not include motions"); *see also In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 920 (N.D. Cal. 2020) ("Defendants' motion to dismiss, however, is not subject to a motion to strike because only pleadings can be stricken under Rule 12(f).").

irrelevant information, and his request to strike SelectQuote's Motion is likewise bereft of merit

Plaintiff's Moton to Strike is baseless, and the Court will deny it in its entirety.

### B. SelectQuote's Motion to Dismiss

SelectQuote argues that Plaintiff's FLSA claim has become moot because it has paid him in excess of both the principal amount and damages he could recover if he was ultimately successful at trial. (Doc. 17 at 5 (citing *Rueling v. MOBIT LLC*, No. CV-18-00568-PHX-BSB, 2018 WL 3159726, at *2 (D. Ariz. June 28, 2018)).) In response, Plaintiff argues that the FLSA entitles him to further relief, meaning that SelectQuote's payment has not mooted his claim. (Doc. 21 at 3–4.) Plaintiff also contends that SelectQuote's failure to engage in settlement negotiations precludes its unilateral payment from remedying the harm it caused Plaintiff. (*Id.* at 4.) Plaintiff further argues that he has other outstanding legal claims aside from the FLSA. (*Id.*)

As an initial matter, Plaintiff's only pending count in this suit is an FLSA overtime claim. (*See* Doc. 9; Doc. 12.) Given that no other claim is before the Court, whether Plaintiff has other claims against SelectQuote is immaterial to the Court's decision to grant the Motion to Dismiss.

SelectQuote's mootness argument requires the Court to consider whether a live controversy still exists. If an action or claim no longer presents a live controversy, the action or claim becomes moot and the court lacks jurisdiction to resolve the underlying dispute. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) ("Generally, an action is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (citation and internal quotation marks omitted). Mootness is a sometimes referred to as "the doctrine of standing set in a time frame." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). "A case becomes moot when interim relief or events deprived the court of the ability to redress the party's injuries." *Am. Cas. Co. of Reading, Penn. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994). When a case becomes moot, the party loses standing, the court loses jurisdiction, and the matter must be

- 5 -

dismissed. *Doe v. Madison School Dist. No. 321*, 177 F.3d 789, 797–98 (9th Cir. 1999).

This Court has ruled that an FLSA claim becomes moot when a plaintiff receives payment covering the relief he would have received through further litigation on multiple occasions. *Rueling*, 2018 WL 3159726, at *2. In *Rueling*, the defendants wired the plaintiff $5,000 after plaintiff brought an FLSA minimum wage claim asserting entitlement to $1,740 in damages. *Id.* Accordingly, the Court found that tendering payment in an amount greater than what the plaintiff could recover under the FLSA mooted the claim and necessitated dismissal. *See id.*

In *Kouba v. Renzenberger, Inc.*, the plaintiff alleged that his employer failed to pay him overtime wages. No. CIV 10-159 TUC FRZ (GEE), 2012 WL 7149410, at *2 (D. Ariz. July 6, 2012), *report and recommendation adopted by* 2013 WL 593458 (D. Ariz. Feb. 7, 2013). After plaintiff filed suit, the employer tendered two checks: one accounting for the unpaid overtime, and the other providing compensation for statutory damages and interest. *Id.* In that case, the plaintiff cashed one check, but did not cash the other because he intended to preserve his right to a jury trial. *Id.* However, the Court concluded that because the defendant tendered payment for the maximum amount of damages the plaintiff could receive, the FLSA claim was moot. *Id.* at *2.

In *Orozco v. Borenstein*, the plaintiffs alleged that their employer violated the FLSA by making improper deductions to their paychecks, resulting in their compensation falling below the required minimum wage. 2012 WL 3762408, at *1 (D. Ariz. Aug. 29, 2012). After the plaintiffs sued, the employer reimbursed them for the alleged improper deductions and provided an additional amount to cover liquidated damages. *Id.* Thereafter, the employer filed, and the Court granted, a motion to dismiss for lack of subject matter jurisdiction. *Id.* at *1, 4–5.

This case is strikingly similar to each of these cases. Here, Plaintiff alleges SelectQuote failed to compensate him for two hours of overtime wages totaling $54. (Doc. 9 ¶ 23.) The FLSA provides that a plaintiff may recover the unpaid overtime, an additional equal amount as liquidated damages, and attorneys' fees and costs. 29 U.S.C. § 216(b).

- 6 -

Thus, the maximum Plaintiff could recover at trial based on the unpaid wage and liquidated damages is $108. SelectQuote has tendered $3,049.32 to Plaintiff, and Plaintiff has accepted such payment, therefore he has recovered more than he could ever receive if this case continued. (*See* Doc. 20 at 2 (signifying that Plaintiff accepted the payment and viewed it as resolving his state law claim).)

Likewise, Plaintiff, as a pro se litigant, is not entitled to attorney's fees. "The Circuits are in agreement, however, on the proposition that a *pro se* litigant who is *not* a lawyer is not entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (collecting cases); *see also Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987) (holding that a non-attorney appellant is not entitled to an award of attorney fees under 42 U.S.C. § 1988). Further, Plaintiff has neither established that he is entitled to costs nor that his costs would exceed the $3049,32 he already received from SelectQuote.[2] Ultimately, SelectQuote's payment to Plaintiff, in excess of what he could recover at trial, moots his FLSA claim and divests this Court of subject matter jurisdiction. Therefore, the Court will grant SelectQuote's Motion to Dismiss (Doc. 17). Fed. R. Civ. P. 12(h)(3).

## IV.  CONCLUSION

Accordingly

**IT IS HEREBY ORDERED denying** Plaintiff's Motion for Default (Doc. 19) and Motion to Strike (Doc. 22).

**IT IS FURTHER ORDERED granting** SelectQuote's Motion to Dismiss (Doc. 17) and **dismissing this case with prejudice**.

…

…

…

…

…

---

[2] Plaintiff also asserts that he is entitled to a "judicial determination of liability" but does not provide any authority as to what provision of the FLSA authorizes such relief. (*See* Doc. 21.)

- 7 -

**IT IS FURTHER ORDERED** instructing the Clerk of Court to enter judgment consistent with this Order and terminate this action.

Dated this 21st day of March, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge